# STATE OF MICHIGAN

# COURT OF APPEALS

ELIZABETH HOLMES,

        Plaintiff-Appellant,

v

RICHARD E. HOLMES JR.,

        Defendant-Appellee.

UNPUBLISHED
December 30, 2014

No. 315551
Kent Circuit Court
LC No. 96-003184-DM

Before: M. J. KELLY, P.J., and SAWYER and HOEKSTRA, JJ.

SAWYER, J. (*dissenting*).

I respectfully dissent.

I agree with defendant and the trial court that the first sentence of paragraph 10 in the judgment of divorce is ambiguous on its face. It says, "Husband and Wife will participate in the children's college education, based on their respective financial situation at the time the children attend college." As plaintiff argues, reading that sentence in its entirety, and giving effect to every word and phrase, as courts must do when construing a contract, *Trader v Comerica Bank,* 293 Mich App 210, 216; 809 NW2d 429 (2011), that it could plausibly mean that the parties were to assess their respective financial situations at the time college expenses are incurred and then determine their respective shares of those expenses.

However, "[i]t is hornbook law that a valid contract requires a 'meeting of the minds' on all essential terms." *Kamalnath v Mercy Hosp*, 194 Mich App 543, 548; 487 NW2d 400 (1992). Furthermore, a "mere expression of intention does not make a binding contract," *id.* at 549, and that is what we have here: an expression of an intent to assist the children in their education, but without a binding contract as to the terms of that assistance.

The majority is correct that a contract may leave open some matters to be determined in the future. But, as the Court explained in *State Bank of Standish v Curry*, 442 Mich 76, 89; 500 NW2d 104 (1993), in such cases, in order for the contract to be enforceable with respect to those matters left open, the contract must provide for a means to resolve those terms:

> [W]here the parties have left open some matters to be determined in the future, enforcement is not precluded if there exists a method of determining the terms of the contract either by examining the agreement itself or by other usage or custom that is independent of a party's mere "wish, will and desire." An

-1-

enforceable agreement may be found "even though the determination is left to one of the contracting parties [as long as] he is required to make it in 'good faith' in accordance with [an] existing standard or with facts capable of objective proof." 1 Corbin, Contracts, § 95, p 402.

As defendant argues, paragraph 10 does not define "participate," "college education," or "respective financial situation." Furthermore, it does not even mention expenses, and does not expressly call for either party to pay tuition or for room and board or other college expenses. Nor does it provide any formula for determining the apportioning of the expenses once the parties' respective financial situations are assessed. Thus, the agreement does not provide a method for determining the terms of the contract; the terms of paragraph 10 are not sufficiently complete so as to be enforceable. In my opinion, paragraph 10 merely expresses a "wish, will and desire." *Curry*, 442 Mich at 89.

I would affirm.

/s/ David H. Sawyer